SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for Defendants,
PRIME/FRIT BELL GARDENS, LLC
and FOOD 4 LESS OF CALIFORNIA,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antonio Fernandez,<br><br>              Plaintiff,<br><br>       v.<br><br>Prime/Frit Bell Gardens, LLC, a Delaware Limited Liability Company; and Food 4 Less of California, Inc., a California corporation; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. 2:20-cv-03445-SVW-PVC<br>Honorable Stephen V. Wilson<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:  September 14, 2020<br>Time: 1:30 p.m.<br>Ctrm:  10A<br><br>Action Filed:      April 14, 2020<br>Trial Date:        None Set |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION. ..........................................................................1

II.     STATEMENT OF FACTS. .............................................................1

III.    ARGUMENT. ..................................................................................2

 A.   Plaintiff's *Prima Facie* Case. ...............................................2

 B.   Plaintiff's Self-Service Ticket And Bag Claims Fail As A Matter Of Law. ................................................................2

 C.   Plaintiff's Inaccessible Restroom Claim Fails For Lack Of Fair Notice. ..................................................................4

 D.   All Of Plaintiff's Claims Are Moot. .......................................5

  1.   Legal Standard. ............................................................5

  2.   Self-Service Tickets In Meat Section. .........................7

  3.   Self-Service Tickets In Deli Section. ..........................7

  4.   Self-Service Bags In Pre-Packed Meat Section...........7

  5.   Pipes Under Sink In Men's Restroom. .........................7

 E.   Plaintiff's Unruh Act For Damages Fails Because He Cannot Show That He Was Denied Access. .........................8

 F.   To The Extent The Court Does Not Dismiss Plaintiff's Unruh Act Claim With Prejudice, Then The Court Should Decline Supplemental Jurisdiction Over It. ........................9

  1.   Dismissal Of Plaintiff's ADA Claim Warrants Dismissal Of His State-Law Claim. ...........................10

  2.   Plaintiff's State-Law Claim Raises Novel And Complex Issues Of State Law. ...................................11

  3.   Plaintiff's State-Law Claim Substantially Predominates Over His ADA Claim. .........................13

  4.   Exceptional Circumstances Exist. .............................14

IV.    CONCLUSION. ..............................................................................16

DEFENDANTS' BRIEF ISO MSJ

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

<u>Cases</u>

4   *Acri v. Varian Assoc's, Inc.*
5       114 F.3d 999 (9th Cir. 1996) ............................................................................... 10

6   *Brother v. CPL Invts., Inc.*
7       317 F. Supp. 2d 1358 (S.D. Fla. 2004)................................................................. 6

8   *Carnegie-Mellon Univ. v. Cohill*
        484 U.S. 343 ( 1988) ........................................................................................... 10
9
    *Clark v. City of Lakewood*
10      259 F.3d 996 (9th Cir. 2001) ............................................................................... 5

11  *Fernandez v. Alpha Beta Co.*
12      Case No. CV 19-654-DMG ................................................................................. 15

13  *Gasper v. Marie Callender Pie Shops*
14      2006 U.S. Dist. LEXIS 96929 (C.D. Cal. 2006) .................................................. 6

15  *Grove v. De La Cruz*
16      407 F. Supp. 2d 1126 (C.D. Cal. 2005).................................................................. 6

17  *Grutman v. The Regents of the University of California*
        807 F.Supp.2d 861 (N.D. Cal. 2011).................................................................... 12
18
    *Gunther v. Lin*
19      144 Cal.App.4th 223 (2006) ................................................................................ 13
20
    *Harris v. Stonecrest Care Auto Ctr., LLC*
21      472 F.Supp.2d 1208 (S.D. Cal. 2007) .................................................................. 10

22  *Jankey v. Beach Hut*
23      2005 WL 5517235 (C.D. Cal. 2005) .................................................................... 13

24  *Kemper v. Sacramento Radiology Medical Group*
25      2007 WL 2481938 (E.D. Cal. 2007) .................................................................... 11

26  *Martinez v. Longs Drug Stores Corp.*
27      281 Fed.Appx. 712, 2008 WL 2329712 (9th Cir. Jun. 5, 2008) ........................... 6

28

-ii-

*Medical Society of New Jersey v. Herr*
   191 F. Supp. 2d 574 (D.N.J. 2002)..................................................5

*Molski v. EOS Estate Winery*
   2005 WL 3952249 (C.D. Cal. 2005) ......................................13, 14

*Molski v. Hitching Post I Rest., Inc.*
   2005 WL 3952248 (C.D. Cal. 2005) ......................................13, 14

*Molski v. Kahn Winery*
   381 F.Supp.2d 1209 (C.D. Cal. 2005) ....................................13

*Molski v. Mandarin Touch Rest.*
   347 F.Supp.2d 860 (C.D. Cal. 2004) ......................................13

*Molski v. Mandarin Touch Restaurants*
   359 F.Supp.2d 924 (C.D. Cal. 2005) ......................................13

*Mundy v. Pro-Thro Enterprises*
   192 Cal.App.4th Supp. 1 (2011)..............................................2

*Neal v. Second Sole of Youngstown, Inc.*
   2018 WL 1740140 (N.D. Ohio 2018) ....................................3, 4

*Oliver v. Ralphs Grocery Co.*
   654 F.3d 903 (9th Cir. 2011) ............................................4, 5, 11

*Parr v. L&L Drive-Inn Restaurant*
   96 F. Supp. 2d 1065 (D. Haw. 2000) ....................................5, 6

*Peters v. Winco Foods, Inc.*
   320 F.Supp.2d 1035 (E.D. Cal. 2004) ....................................3

*Peters v. Winco Foods, Inc.*
   CIV. S-02-2010-FCD-KJM (E.D. Cal. Dec. 18, 2003)........................3

*Pickern v. Best Western Timber Cove Lodge Marina Resort*
   194 F. Supp. 2d 1128 (E.D. Cal. 2002) ....................................6

*Pinnock v. Safino Designs, Inc.*
   2007 WL 2462107 (S.D. Cal. 2007) ......................................14

*Renne v. Geary*
   501 U.S. 312 (1991) ............................................................5

-iii-

*Reycraft v. Lee*
   177 Cal.App.4th 1211 (2009) ................................................................ 2

*Rodriguez v. Ralphs Grocery Company*
   2009 WL 1101550 (9th Cir. 2009) ....................................................... 10

*Sanford v. Del Taco*
   2006 WL 1310318 (E. D. Cal. 2006) .................................................... 13

*Singletary v. The Brick Oven Rest.*
   406 F.Supp.2d 1120 (S.D. Cal. 2005) ................................................... 14

*Skaff v. Meridian North America Beverly Hills, LLC*
   506 F.3d 832 (9th Cir. 2007) .................................................................. 8

*Surrey v. TrueBeginnings*
   168 Cal.App.4th 414 (2009) ................................................................... 2

*Tanner v. Wal-mart Stores, Inc.*
   2000 U.S. Dist. LEXIS 1444 (New Hampshire 2000) ........................... 8

*Troiano v. Supervisor of Elections in Palm Beach County*
   382 F.3d 1276 (11th Cir. 2004) .............................................................. 6

*Wentzka v. Gellman*
   991 F.2d 423 (7th Cir. 1993) ................................................................ 10

*West v. Secretary of Dept. of Transp.*
   206 F.3d 920 (9th Cir. 2000) .................................................................. 5

*Wilson v. Costco Wholesale Corporation*
   426 F.Supp.2d 1115 (S.D. Cal. 2006) ................................................... 10

*Wilson v. PFS*
   2007 WL 2429391 (S.D. Cal. 2007) ....................................................... 6

Statutes

28 U.S.C. § 1367(c) ...................................................................................... 9

28 U.S.C. § 1367(c)(2) ............................................................................... 14

28 U.S.C. § 1367(c)(3) ............................................................................... 11

Americans With Disability Act ("ADA") ..................................... *passim*

-iv-

Cal. Civ. Proc. Code § 425.55(a)(2) ........................................................................ 15

Cal. Civ. Proc. Code § 425.55(b)(1) ....................................................................... 14

California Unruh Civil Rights Act ("Unruh") ..................................................... *passim*

Civil Code §§ 52 and 54.3 ....................................................................................... 12

Civil Code § 55.56 ..................................................................................................... 8

Civil Code § 55.56, 2012 n. ................................................................................... 13

Other Authorities

F.R.C.P. 8 ........................................................................................................... 1, 4, 5

## I. __INTRODUCTION__.

Plaintiff Antonio Fernandez ("Plaintiff") -- a serial litigant -- has brought this form lawsuit against Prime/Frit Bell Gardens, LLC and Food 4 Less Of California, Inc. ("Defendants") alleging that the Food 4 Less store located at 6901 Eastern Avenue, Bell Gardens, California violates the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("Unruh Act").  In particular, Plaintiff alleges that: (1) the self-service tickets in the meat and deli sections are too high; (2) the self-service bags in the pre-packed meat section are too high; and (3) there are unidentified barriers in the restroom.

As explained below, the Court should grant Defendants' motion for summary judgment for several, independent reasons.  First, self-service items such as the tickets and bags, are not covered by the ADA/Unruh Act.  Second, Plaintiff's "inaccessible restroom" claim fails for lack of notice under F.R.C.P. 8 since no specific barriers are identified.  Third, even if Plaintiff's ticket, bags, and inaccessible restroom claims were legally viable, they should be dismissed as moot as all alleged barriers presently comply with current accessibility standards.  Fourth, Plaintiff's Unruh Act claim fails because Plaintiff cannot show that he was denied access.  Finally, to the extent that the Court does not dismiss Plaintiff's Unruh Act claim with prejudice, then the Court should decline supplemental jurisdiction over it.

## II. __STATEMENT OF FACTS__.

### A. __Plaintiff's Allegations__.

Plaintiff is a professional litigant who has filed a myriad of ADA lawsuits. (List of Plaintiff's ADA lawsuits, attached as Exhibit A to Chilleen Decl.).  In this form lawsuit, Plaintiff alleges that the subject store violates the ADA/Unruh Act because: (1) the self-service tickets in the meat and deli sections are too high; (2) the self-service bags in the pre-packed meat section are too high; and (3) there are unidentified barriers in the restroom.  [SUMF1] (Complaint ¶¶ 12-17).

III.   **ARGUMENT.**

    A.   **Plaintiff's *Prima Facie* Case.**

       In order to establish a *prima facie* case for injunctive relief under the ADA, Plaintiff must show that: (1) Plaintiff is a qualified individual with a disability; (2) Defendant owned, leased, or operated a place of public accommodation; (3) the place of public accommodation was in violation of one or more construction-related accessibility standards; and (4) the violations denied Plaintiff full and equal access to the place of public accommodation.  In order to be entitled to statutory damages under the Unruh Act, Plaintiff must also show that: (5) the violation was personally encountered by Plaintiff on a particular occasion and (6) Plaintiff experienced difficulty, discomfort or embarrassment due to the violation.  Finally, Plaintiff must also prove that the discrimination was intentional under the Unruh Act unless premised upon a violation of the ADA.  *See, e.g., Surrey v. TrueBeginnings*, 168 Cal.App.4th 414 (2009); *Mundy v. Pro-Thro Enterprises*, 192 Cal.App.4th Supp. 1 (2011); *Reycraft v. Lee*, 177 Cal.App.4th 1211 (2009).

    B.   **Plaintiff's Self-Service Ticket And Bag Claims Fail As A Matter Of Law**.

       It is well established that reach range requirements do not apply to self-service items on shelves or display units such as self-service tickets in the deli and meat sections or the self-service bags in the pre-packed meat section.

> "Shelves or display units allowing self-service by customers in mercantile occupancies shall be located on an accessible route complying with 4.3.  Requirements for accessible **reach range do not apply**."

(1991 ADAAG § 4.1.3(12)).

> "Self-service shelves shall be located on an accessible route complying with 402.  Self-service shelving **shall not be required to comply with 308.**"

    

(2010 ADAAG § 225.2.2; 2016 CBC § 11B-225.2.2).

The following cases are illustrative.  In *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035 (E.D. Cal. 2004), the plaintiff alleged the height of the meat and deli counters and the height of the produce scales were too high in violation of the ADA.  The court first noted that meat and deli counters were not covered by the ADA.  *Id.* at 1038.  In addition, the court found that the produce scale was not covered by the ADA.  The court explained that the scoping requirements of the ADA did not specifically address produce scales.  The court then reasoned that since self-service shelves for produce were not covered by the ADA, it would make no sense to conclude that a produce scale was covered since the produce itself did not have to be accessible.  *Peters v. Winco Foods, Inc.*, CIV. S-02-2010-FCD-KJM, *8 (E.D. Cal. Dec. 18, 2003); *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1038 (E.D. Cal. 2004) ("Defendant persuasively argued that the court should find the scale to be outside the scope of the ADA by drawing analogy to merchandise shelves and displays, which are not covered by the ADA").

In *Neal v. Second Sole of Youngstown, Inc.*, 2018 WL 1740140 (N.D. Ohio 2018), the court rejected the plaintiff's argument that merchandise in a store had to be within ADA reach ranges:

> "Finally, Plaintiff Neal's expert also indicates that merchandise in the store is displayed too high for wheelchair-bound patrons to reach…The ADA regulations exempt self-service shelving from their reach-range requirements.  As Department of Justice's guidance manual for small business owners explains: 'Shelves and counters must be on an accessible route with enough space to allow customers using mobility devices to access merchandise.  However, shelves may be of any height since they are not subject to the ADA's reach range requirements."

1    *Id*. at \*9.

2        Likewise, in this case, the self-service tickets and bags are outside the scope

3    of the ADA/Unruh Act.

4        **C.**    **Plaintiff's Inaccessible Restroom Claim Fails For Lack Of Fair**

5        **Notice.**

6        Under F.R.C.P. 8, all alleged barriers must be specifically identified in the

7    complaint itself – not in discovery responses or in an expert report.  The following

8    case illustrates this basic point.

9        In *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), the Ninth

10   Circuit confirmed that a plaintiff must identify all alleged access barriers in his

11   complaint in order to give the defendant fair notice under F.R.C.P. 8.  There, the

12   plaintiff attempted to hide the injunctive relief he was seeking to increase the

13   nuisance value of his lawsuit and to prevent the defendant from actually remedying

14   the barriers and mooting his claims at summary judgment.  The plaintiff identified

15   some barriers in his complaint, others in a proposed amended complaint, others in

16   an ENE statement, and still others in his expert report.  The Ninth Circuit chastised

17   the plaintiff for his sharp tactics and adopted a bright-line rule that all barriers must

18   be identified in the complaint:

19        "Plaintiff's counsel later explained that his delays in identifying

20        the barriers at the facility were part of his legal strategy:  he

21        purposefully 'forces the defense to wait until expert disclosures

22        (or discovery) before revealing a complete list of barriers,'

23        because otherwise a defendant could remove all the barriers

24        prior to trial and moot the entire case…[F]or purposes of Rule

25        8, a plaintiff must identify the barriers that constitute the

26        grounds for a claim of discrimination under the ADA in the

27        complaint itself; a defendant is not deemed to have fair notice

28        of barriers identified elsewhere."

-4-

1  *Id.* at fn. 7, 909.

2      In this case, during the parties' August 6, 2020, meet-and-confer call

3  regarding cross-motions for summary judgment, Plaintiff's counsel indicated for the

4  first time that Plaintiff would be moving for summary judgment with respect to the

5  purported lack of insulation on the papers under the sink in the men's restroom.

6  Defense counsel has a myriad of cases with Plaintiff's counsel.  This is the same

7  tactic they use in all of their cases – they merely allege "inaccessible" restroom in

8  their form complaints to purposefully hide the alleged barriers.  (Chilleen Decl. ¶4).

9  This type of gamesmanship should not be tolerated and contravenes the Ninth

10  Circuit's decision in *Oliver*.  Plaintiff's complaint fails to identify a single barrier in

11  the restroom.  Thus, Plaintiff's "inaccessible" restroom claim fails as a matter of law

12  for lack of fair notice.

13      **D.      All Of Plaintiff's Claims Are Moot.**

14          **1.      Legal Standard.**

15      Mootness is a jurisdictional defect that can be raised at any time by the parties

16  or the court *sua sponte*."  *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065,

17  1087 (D. Haw. 2000).  A case is moot "when the issues presented are no longer

18  'live' or the parties lack a legally cognizable interest in the outcome."  *Clark v. City*

19  *of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001).  "The question is whether there

20  can be any effective relief."  *West v. Secretary of Dept. of Transp.*, 206 F.3d 920,

21  925 (9th Cir. 2000).  "Past exposure to illegal conduct does not in itself show a

22  present case or controversy . . . if unaccompanied by any continuing, present

23  adverse effects."  *Renne v. Geary*, 501 U.S. 312, 320-21 (1991).  "This requisite

24  ensures that the courts are able to grant effective relief, rather than rendering

25  advisory opinions."  *Medical Society of New Jersey v. Herr*, 191 F. Supp. 2d 574,

26  581 (D.N.J. 2002).

27      It is well-established that a defendant's remedial efforts will render a

28  plaintiff's access claims for injunctive relief moot:

-5-

"The only remedy available for a violation of the Americans with Disabilities Act under a private right of action is injunctive relief.  Accordingly, if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change."

*Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, \*4 (C.D. Cal. 2006).

For these reasons, courts routinely dismiss access claims as moot when defendants modify noncompliant items.  *See*, *e.g.*, *Brother v. CPL Invts., Inc.*, 317 F. Supp. 2d 1358 (S.D. Fla. 2004) (holding that the defendant's modifications to the hotel rendered the plaintiffs' barrier claims moot); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (holding that the defendants' modifications to the restroom rendered the plaintiff's access claims moot); *Martinez v. Longs Drug Stores Corp.*, 281 Fed.Appx. 712, \*714, 2008 WL 2329712, \*1 (9th Cir. Jun. 5, 2008) (upholding district court's dismissal of access claims as moot because the defendant had remedied all barriers); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) ("Plaintiff concedes, as she must, that defendants' latest remedial efforts have rendered her ADA claim for injunctive relief moot."); *Wilson v. PFS*, 2007 WL 2429391, \*\*1-2 (S.D. Cal. 2007) (holding that the defendant's modifications to its restaurant rendered the plaintiff's access claims moot); *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (dismissing plaintiff's access claims as moot because alleged violations had been corrected); *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1286 (11th Cir. 2004) (holding that defendant county's voluntary installation of audio devices in all voting precincts rendered the access class action by visually-impaired registered voters moot).

### 2.   Self-Service Tickets In Meat Section.

*Assuming arguendo* that self-service tickets are covered by the ADA/Unruh Act (they are not), Plaintiff's ticket claim is moot.  The reach ranges under the ADA/Unruh Act are 48 inches maximum.  *See* 2010 ADA §§ 308.2 and 308.3; 2016 CBC 11B-308.2 and 308.3; 2019 CBC 11B-308.2 and 308.3.  The self-service tickets in the meat section are currently mounted at less than 48 inches above the ground.  [SUMF 2] (McKinney Decl. ¶2; Exhibit A to McKinney Decl.).  Thus, this claim is moot.

### 3.   Self-Service Tickets In Deli Section.

*Assuming arguendo* that self-service tickets are covered by the ADA/Unruh Act (they are not), Plaintiff's ticket claim is moot.  The reach ranges under the ADA/Unruh Act are 48 inches maximum.  *See* 2010 ADA §§ 308.2 and 308.3; 2016 CBC 11B-308.2 and 308.3; 2019 CBC 11B-308.2 and 308.3.  The self-service tickets in the deli section are currently mounted at less than 48 inches above the ground.  [SUMF 3] (McKinney Decl. ¶3; Exhibit B to McKinney Decl.).  Thus, this claim is moot.

### 4.   Self-Service Bags In Pre-Packed Meat Section.

*Assuming arguendo* that self-service bags are covered by the ADA/Unruh Act (they are not), Plaintiff's bag claim is moot.  The reach ranges under the ADA/Unruh Act are 48 inches maximum.  *See* 2010 ADA §§ 308.2 and 308.3; 2016 CBC 11B-308.2 and 308.3; 2019 CBC 11B-308.2 and 308.3.  The self-service bags in the pre-packed meat section are currently mounted at less than 48 inches above the ground.  [SUMF 4] (McKinney Decl. ¶4; Exhibit C to McKinney Decl.).  Thus, this claim is moot.

### 5.   Pipes Under Sink In Men's Restroom.

Even if this claim did not fail for lack of fair notice (it does), Plaintiff's pipe insulation claim is moot.  Under the ADA, pipes under sinks shall be insulated. 2010 ADA §606.5; 2016 CBC 11B-606.5; and 2019 CBC 11B-606.5.  Here, the

DEFENDANTS' BRIEF ISO MSJ

1  pipes under the sink are currently insulated.  [SUMF 5] (McKinney Decl. ¶5;

2  Exhibit D to McKinney Decl.).  Thus, this claim is moot.

3     **E.     Plaintiff's Unruh Act For Damages Fails Because He Cannot Show**

4  **That He Was Denied Access.**

5        In order to be entitled to statutory damages under the Unruh Act, a plaintiff

6  must show, among other things, that he personally encountered a violation that

7  caused him "difficulty, discomfort, or embarrassment."  Civil Code §55.56.  Mere

8  technical, trivial, or de minimis violations are insufficient to support an award of

9  damages.  *See, e.g., Tanner v. Wal-mart Stores, Inc*., 2000 U.S. Dist. LEXIS 1444

10  (New Hampshire 2000) (store's failure to remove shopping cart obstruction and ice

11  from sole accessible parking space was not actionable violation); *Skaff v. Meridian*

12  *North America Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007) (holding that "the

13  law does not care about trifles" and that mere one-hour delay in providing accessible

14  room to disabled patron and overnight delay in providing an accessible shower chair

15  did not state viable claims for damages under the Unruh Act).

16        In this case, Plaintiff's Unruh Act claim for damages fails because he cannot

17  show that he encountered difficulty, discomfort, or embarrassment as the result of

18  any violations of any accessibility standards.  As noted above, the self-service

19  tickets and bags are not covered by the ADA or the Unruh Act in the first instance

20  and Plaintiff's "inaccessible" restroom claim fails for lack of fair notice.  Moreover,

21  even if the tickets and bags were not exempt, Plaintiff has not and cannot show that

22  the self-service tickets and bags caused him difficulty, discomfort, or

23  embarrassment.  By exempting merchandise from the reach range requirements, the

24  ADA/Unruh Act clearly contemplated that wheelchair users would have to ask

25  employees to retrieve items out of their reach.  For example, the ADA Title III

26  Technical Assistance Manual §7.8400 states: "Are frozen food and deli counters

27  covered?  No, but employees should be instructed to bring food items around to the

28  front of high counters for individuals with disabilities."

1    Here, Defendant's employees were willing and able to assist Plaintiff

2  overcome any accessibility issues such as retrieving items out of his reach, including

3  the tickets in the meat department.  (McKinney Decl. at ¶6).  In addition, Plaintiff's

4  caretaker was with him to help him retrieve any merchandize that was out of reach

5  since merchandize is exempt from the reach-range requirements of the ADA and the

6  Unruh Act.  (Plaintiff's Response to Interrogatory No. 3, attached as Exhibit B to

7  Chilleen Decl.).  With respect to the purported lack of pipe insulation under the sink

8  in the men's restroom, even if this claim did not fail for lack of fair notice, Plaintiff

9  has not shown and cannot show that the purported lack of insulation caused him any

10  difficulty, discomfort, or embarrassment.

11    Thus, Plaintiff's Unruh Act claim should be dismissed.

12    **F.    To The Extent The Court Does Not Dismiss Plaintiff's Unruh Act**

13  **Claim With Prejudice, Then The Court Should Decline Supplemental**

14  **Jurisdiction Over It.**

15    To the extent the Court does not dismiss all of Plaintiff's Unruh Act claim

16  with prejudice, then the Court should decline supplementary jurisdiction over it.

17  Under 28 U.S.C. § 1367(c), courts may properly exercise their discretion to decline

18  supplemental jurisdiction if *any* of four statutory grounds exist:

19      "(1) the claim raises a novel or complex issue of State law,

20      (2) the claim substantially predominates over the claim or claims

21      over which the district court has original jurisdiction,

22      (3) the district court has dismissed all claims over which it has

23      original jurisdiction, or

24      (4) in exceptional circumstances, there are other compelling

25      reasons for declining jurisdiction."

26  28 U.S.C. § 1367(c).

27    As explained below, in this case, all four statutory grounds exist for declining

28  supplemental jurisdiction.

**1.**     <u>**Dismissal Of Plaintiff's ADA Claim Warrants Dismissal Of His State-Law Claim.**</u>

As the Supreme Court has instructed, once the federal claims are dismissed, courts should decline supplemental jurisdiction over related state-law claims:

> "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine judicial economy, convenience, fairness, and comity will point toward declining to exercise jurisdiction over the remaining state-law claims."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 ( 1988); *Wentzka v. Gellman*, 991 F.2d 423, 425 (7th Cir. 1993) ("[W]e said quite clearly that, where a federal claim drops out before trial a district court should not retain the state law claims absent extraordinary circumstances"); *Acri v. Varian Assoc's, Inc.,* 114 F.3d 999, 1001 (9th Cir. 1996) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims'").

In ADA barrier cases, courts properly and routinely decline supplemental jurisdiction over related state-law access claims once the ADA cause of action has been dismissed.  *See, e.g., Wilson v. Costco Wholesale Corporation,* 426 F.Supp.2d 1115, 1124 (S.D. Cal. 2006)  ("Because the Court has dismissed all claims over which it has original jurisdiction in this matter, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims"); *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F.Supp.2d  1208,  1220 (S.D.  Cal. 2007) (same).

For example, in *Rodriguez v. Ralphs Grocery Company,* 2009 WL 1101550 (9th Cir. 2009), the Ninth Circuit stated that "if the federal claim is dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the

DEFENDANTS' BRIEF ISO MSJ

1  supplemental claims  for adjudication, and must dismiss the state law claims without
2  prejudice." *Id.* at 2.

3       Likewise, in *Oliver v. Ralphs Grocery Company*, 654 F.3d 903 (9th Cir.
4  2011), the Ninth Circuit upheld the district court decision to decline supplemental
5  jurisdiction over the plaintiff's state-law access claims once his ADA claim had
6  been dismissed:

7            "We finally turn to [Plaintiff's] argument that the district court
8            erred in declining to exercise supplemental jurisdiction over his
9            state law claims.  By granting summary judgment to Ralphs and
10           Cypress Creek on [Plaintiff']'s ADA claim, the district court,
11           properly disposed of all claims over which it had original
12           jurisdiction.  Because the balance of the factors  of judicial
13           economy, convenience, fairness, and comity did not tip in favor
14           of retaining the state law claims after the dismissal of the ADA
15           claim, *San-ford v. MemberWorks,  Inc.,* 625 F.3d 550, 561 (9th
16           Cir. 2010) ...the district court did not abuse  its discretion in
17           dismissing [Plaintiff']'s state law claims without  prejudice."
18  *Id.* at 911.

19      The reasoning behind these cases is that dismissing the state-law claims
20  promotes the values of comity and fairness.  *See, e.g., Kemper v. Sacramento*
21  *Radiology Medical Group,* 2007 WL 2481938, *6 (E.D. Cal. 2007) ("The *Gibbs*
22  values of comity and fairness do not weigh in favor of the federal court deciding
23  Plaintiffs' state disability and damage claims.  Accordingly, the court declines to
24  continue exercising supplemental jurisdiction over Plaintiffs' remaining state law
25  claims and therefore these are dismissed under 28 U.S.C. §1367(c)(3)"); *Oliver v.*
26  *Ralphs Grocery Company,* 654 F.3d 903, 911 (9th Cir.  2011) (same).

27           **2.     Plaintiff's State-Law Claim Raises Novel And Complex**
28  **Issues Of State Law.**

1    Courts have recognized that claims under the Unruh Act raise novel and
2  complex issues of state law, providing another basis to decline supplemental
3  jurisdiction.  For example, in *Grutman v. The Regents of the University of*
4  *California,* 807 F.Supp.2d 861 (N.D. Cal. 2011), the court explained that the way in
5  which damages are calculated presents novel and complex issues of state law:

6           "Here, the Court declines to exercise supplemental jurisdiction
7           because Plaintiffs claim raises novel and difficult questions of
8           state law, the resolution of which will have signification
9           implications for enforcement of the [California Unruh Civil
10          Rights Act].  In particular, the results of this and similar
11          litigation will be dramatically different depending on whose
12          interpretation of Section 52(a) the Court adopts...neither the case
13          law nor the legislative  history offered  by Defendant as to the
14          2008 amendment require that the Court find that a plaintiff who
15          encounters architectural barriers  on a daily basis in her residence
16          should be treated differently from plaintiffs who encounter
17          architectural barriers, over a series of visits, to other types of
18          business establishments.  The court notes also that the tension
19          between *Doran* and *Botosan* as to whether daily damages are
20          available under Section 52 is salient in this case... under these
21          circumstances, the Court concludes that this is a matter of state
22          law that is better left to the California courts to decide."

23  *Id.* at 870.

24    Likewise, the SB 1186 amendments to Plaintiff's state-law claims also
25  present novel and complex issues regarding how damages are calculated.  These
26  amendments were adopted to "address the misuse of Sections 52 and 54.3 of the
27  Civil Code by a small minority of disability rights lawyers and plaintiffs…[who]
28  stack[ ] multiple claims for the same construction-related accessibility violation on

-12-

different occasions…to substantially increase the purported statutory liability of a defendant in order to intimidate and pressure the defendant into making a quick monetary settlement."  Civil Code § 55.56, 2012 Note.  Under these amendments, "a plaintiff's conduct must have a reasonable explanation for the asserted need for multiple visits to a site where known barrier violations would deny full and equal access, in light of the obligation to mitigate damages."  (Id.).

Numerous district courts have recognized that such unresolved state-law issues are a proper basis to decline to exercise supplemental jurisdiction.  *See, e.g., Molski v. EOS Estate Winery,* 2005 WL 3952249 (C.D. Cal. 2005);  *Jankey v. Beach Hut,* 2005 WL 5517235 (C.D. Cal. 2005); *Molski v. Hitching Post I Rest., Inc.,* 2005 WL 3952248 (C.D. Cal. 2005); *Molski v. Mandarin Touch Restaurants,* 359 F.Supp.2d 924 (C.D. Cal. 2005); *Molski v. Kahn Winery,* 381 F.Supp.2d 1209 (C.D. Cal. 2005); *Sanford v. Del Taco,* 2006  WL 1310318 (E. D. Cal. 2006).

### 3.   Plaintiff's State-Law Claim Substantially Predominates Over His ADA Claim.

Likewise, courts have recognized that a plaintiff's state-law claim for monetary damages substantially predominate over his claim for injunctive relief under the ADA, providing yet another ground for declining supplemental jurisdiction.  "State law claims have become the tails that wag the dog of federal ADA litigation." *Gunther v. Lin,* 144 Cal.App.4th 223, 256 (2006).   "[E]nterprising plaintiffs (and their attorneys) have found a way to circumvent the will of Congress by seeking money damages while retaining federal   jurisdiction." *Molski v. Mandarin Touch Rest.,* 347 F.Supp.2d 860, 862-63 (C.D. Cal. 2004).   As explained by one district court:

> "While Plaintiff has pleaded a federal  claim  as a jurisdictional
> hook to maintain the action in federal  court, the case centers on
> Plaintiff's claim for damages which are recoverable only under
> the state law claims…Even though  Plaintiffs have submitted a

DEFENDANTS' BRIEF ISO MSJ

1    notice of voluntary  limitation  of damages, seeking  only an

2    award  of $4,000  to Molski and $1,000  to [co-plaintiff  that is

3    an association], it is still clear that the claim for damages is the

4    predominant focus of this lawsuit.  Further, since the state law

5    claims provide for injunctive relief, the federal claim adds

6    nothing to the lawsuit that could not be obtained in Superior

7    Court.  Accordingly, Plaintiffs' state law claims substantially

8    predominate over the federal ADA claim.

9    *Molski v. EOS Estate Winery,* 2005 WL 3952249, *4 (C.D.  Cal. 2005).

10   For these reasons, courts routinely decline to exercise supplemental

11   jurisdiction.  *See, e.g., Pinnock v. Safino Designs, Inc.,* 2007 WL 2462107, *4 (S.D.

12   Cal. 2007) ("Given the disparity in terms of  comprehensiveness of the remedy

13   sought, state law claims substantially predominate over the ADA for purposes of  28

14   U.S.C. § 1367(c)(2)"); *Molski v. EOS Estate Winery,* 2005 WL 3952249, *4  (C.D.

15   Cal. 2005); *Molski v. Hitching Post I Rest., Inc.,* 2005 WL 3952248, *4 (C.D. Cal.

16   2005); *Singletary v. The Brick Oven Rest.,* 406 F.Supp.2d 1120, 1130-31 (S.D. Cal.

17   2005).

18   **4.      Exceptional Circumstances Exist.**

19   Because California continues to experience a large number of these disability

20   access cases, it imposes limitations on "high frequency litigants."  A high frequency

21   litigant is a plaintiff how has filed 10 or more complaints alleged a construction-

22   related accessibility violation within the 12-month period immediately preceding the

23   filing of the current complaint.  Cal. Civ. Proc. Code § 425.55(b)(1).  In support of

24   these additional requirements on high-frequency litigants, the California Legislature

25   found and declared:

26   "According to information from the California Commission on

27   Disability Access, more than one-half, or 54 percent, of all

28   construction-related accessibility complaints filed between 2012

-14-

1      and 2014 were filed by two law firms.  Forty-six percent of all

2      complaints were filed by a total of 14 parties…Moreover, these

3      lawsuits are frequently filed…on the basis of boilerplate

4      complaints, apparently seeking quick cash settlements rather than

5      correction of the accessibility violation."

6  Cal. Civ. Proc. Code § 425.55(a)(2).

7      In response to these "special and unique circumstances," California imposed a

8  "high frequency litigant fee" requiring high-frequency litigants to file a $1,000 filing

9  fee.  California law also requires high-frequency litigants to allege certain additional

10  facts, including whether the action is filed by, or on behalf of a high-frequency

11  litigant, the number of lawsuits filed in the preceding 12 months, the reason why the

12  plaintiff was in the geographic area and why the plaintiff desired to access the

13  defendant's business.  Cal. Civ. Proc. § 425.55(a)(4)(A).  Unfortunately, high-

14  frequency litigants such as Plaintiff, typically try to avoid California's heightened

15  pleading standards and increased filing fees by filing in federal court.

16      For these reasons, federal courts routinely decline to assert supplemental

17  jurisdiction over a plaintiff's state-law accessibility claims:

18      "By filing this action in federal court, Plaintiff has evaded these

19      limits and claimed state law damages in a manner inconsistent

20      with the state law's requirements.  This situation, and the burden

21      that the ever-increasing number of such cases pose to the federal

22      courts, present 'exceptional circumstances' and 'compelling

23      reasons' that justify the Court's decision to decline to exercise

24      supplemental jurisdiction over the Plaintiff's Unruh Act claim in

25      this action under 28 U.S.C. § 1367(c)(4)."

26  *Fernandez v. Alpha Beta Co.*, Case No. CV 19-654-DMG (AGRx), *9 (Cal. C.D.

27  March 19, 2020).

28

-15-

1    In sum, to the extent the Court does not dismiss Plaintiff's state-law claim

2 with prejudice, then the Court should decline supplemental jurisdiction over it.

3 **IV.   CONCLUSION.**

4    For the foregoing reasons, Defendants respectfully request that the Court

5 grant Defendants' motion for summary judgment and dismiss Plaintiff's lawsuit in

6 its entirety.

7

8

Dated:  August 17, 2020

9

10                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12                    By    _____
                                      */s/ Michael J. Chilleen*
13                                GREGORY F. HURLEY
                                  MICHAEL J. CHILLEEN
14                                Attorneys for Defendants,
                            PRIME/FRIT BELL GARDENS, LLC and
15                           FOOD 4 LESS OF CALIFORNIA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-